TRENTON WHOLESALE GROCERY CO. et al. v. ARNOLD et ux.
—126 S. W. (2d) 364.

Western Section. Oct. 6, 1938.

Petition for Certiorari Denied by Supreme Court, Feb. 4, 1939.

Taylor, Adams & Freeman, of Trenton, for complainants.
W. R. Kinton, of Trenton, for defendants.

SENTER, J. This cause was before this court at the January Term, 1935, on an appeal from the Chancery Court of Gibson County, from a decree rendered by the chancellor, denying certain relief sought by the complainants. At the hearing of the cause by this court the decree of the chancellor was modified and affirmed and the cause was remanded to the Chancery Court of Gibson County for further proceedings.

The original bill filed by complainants alleged in substance that the defendant Lester M. Arnold had executed a trust deed on the

farm lands described in the bill to the complainant Trenton Wholesale Grocery Company, to secure an indebtedness then owing by said defendant to the complainant, and that the said trust deed had been foreclosed by the trustee named in the trust deed; that the land was sold to the Trenton Wholesale Grocery Company and was rented to the complainant Harvey McEwen, and that Harvey McEwen was then living on and occupying the two tracts of land under a rental contract. The bill alleged that the trust deed executed by defendants waived homestead and dower, and that the defendant Lester M. Arnold represented that he owned other real estate of value in excess of $1,000 and out of which he would claim homestead.

The original bill further alleged that complainants entered into possession of said property after its purchase at the forclosure sale and that the complainant Harvey McEwen was then living in the house on said land and occupying the same; that the defendant Lester M. Arnold had threatened to move into said house in an effort to get possession thereof and had made threats against Harvey McEwen; that after January 1, 1933, he expected to move into said house on the said land and threatened to use violence and to do great bodily harm to said complainant if he sought to prevent him from moving into said premises and occupying the same.

The bill charged that said defendant Lester M. Arnold was insolvent and that he had no rights in said property, and that unless enjoined and restrained by writs of injunction he would resort to force and violence and carry out his threats to regain possession of the premises.

The defendants Arnolds filed an answer to the original bill and also filed a cross bill in which they alleged that they were entitled to homestead rights in said property to the value of $1,000, and also claimed that they were entitled to the rents of the aforesaid property for the previous year and entitled to possession of said property as a homestead. It was alleged in the cross bill that the said property was worth less than $1,000 in value.

A jury was called for to try the issues of fact made up under the direction of the chancellor. The chancellor held that the defendants, under their cross bill, were entitled to homestead out of the property involved in the suit, and submitted the three following issues to the jury:

"1. Was the farm land worth less than One Thousand ($1,000.00) Dollars, on the 23rd day of October, 1931?

"2. Was the farm land worth less than One Thousand ($1,000.00) Dollars on the 29th day of December, 1932?

"3. What is the reasonable rental value of the farm land for the year 1933?"

To the first and second questions submitted, the jury answered "No." To the third question the jury answered "Rental value 1933, $75.00."

The defendants moved the court to set aside the findings of the jury and to grant a new trial. This motion was overruled by the court.

From the action of the court in holding and decreeing that the defendants were entitled to homestead in the property involved and appointing commissioners to set aside homestead out of the property, and also the decree with respect to the rent, complainants excepted and appealed to this court.

As above stated, this court modified the decree of the chancellor with respect to the rent for 1933, but in all other respects affirmed the decree of the chancellor. Upon the remand of the cause, the commissioners appointed to set aside homestead out of the property involved made their report, and by their report the commissioners fixed the value of the 48 acres of land involved and the improvements thereon at $848 and allotted the entire property to the defendants as homestead. To this report complainants filed exceptions with the chancellor. By the exceptions it was urged that the former decrees of the court which was affirmed by the Court of Appeals and which decree had become final on the question of the value of the property was res adjudicata, and the jury verdict answering the two questions with respect to the value of the property was concurred in and commissioners appointed to set aside homestead out of the lands; that this being a final decree and unappealed from by the defendants, the commissioners could not fix a value of less than $1,000 on the property. The chancellor overruled and disallowed the exceptions to the report of the commissioners, and by decree of the court allotted to the defendants the entire property as homestead.

From this decree confirming the report of the commissioners and in allotting the entire property as homestead to the defendants, complainants have appealed to this court, and have assigned said action of the chancellor as error.

It will be observed that the issues submitted to the jury in the former proceedings were framed to meet the claim and in practically the exact words as set forth in the cross bill. The cross bill alleged that the lands involved were worth less than $1,000 on the two respective dates, and that the lands involved being worth less than $1,000 cross complainants were entitled to homestead rights in the entire property. The jury was directed by the chancellor to answer whether, under the evidence, the lands involved were worth less than $1,000 on the two respective dates, and they answered in the negative. The effect of the decree of the chancellor in sustaining the jury verdict was to hold that the lands were worth in excess of $1,000, and that cross complainants were not entitled to the entire property as homestead, else there would have been no occasion for appointing the commissioners to set apart the homestead out of the lands.

■ We are therefore of the opinion that the former decree fully settled that question and that it operated as a final adjudication that the cross complainants were not entitled to the entire property as homestead. We are further of the opinion that the report of the commissioners fixing the value of the two tracts involved at $848, a sum less than $1,000, was in direct and positive conflict with the verdict of the jury upon which the former chancellor based his decree and appointed commissioners. If the lands had been worth less than $1,000, and no more, the chancellor would have decreed that cross complainants were entitled to the use and occupancy of the lands as a homestead during their respective lives. We can not escape the conclusion that the exceptions to the report of the commissioners fixing the value of the property at less than $1,000 and the decree of the chancellor thereon was in direct conflict with the former decree, and the former decree having been a final adjudication, that it was res adjudicata. This was all in the same proceedings and the same parties.

However, it is urged by appellees that the jury verdict did not undertake to fix the value of the lands involved, other than to say by the verdict that said lands were not worth less than $1,000, but did not say that the lands were worth more than $1,000, in other words, the jury did not find that the lands were worth more than $1,000. We do not think that the chancellor so construed the verdict, nor did this court in affirming the former decree, else there would have been no occasion for the appointment of the commissioners to set apart homestead out of the lands, including the improvements thereon.

We are further of the opinion that the whole confusion could have been avoided by the former chancellor in the former decree specifically directing the commissioners that the value of the lands had already been fixed at some amount in excess of $1,000, and that this should be the basis upon which they should proceed to set apart the homestead. However, in the present state of the record, we think it was res adjudicata for the chancellor to accept the report of the commissioners who fixed the value of the land at an amount less than $1,000, to-wit, $848.

■ We are therefore of the opinion that the chancellor was in error in accepting said report, and that the exceptions thereto should have been sustained and new commissioners appointed with specific directions that the former decree had fixed the value of the land and improvements at some amount in excess of $1,000, and that the new commissioners should be so instructed by the chancellor.

It results that the assignments of error on this question are sustained and the cause will be remanded to the Chancery Court to be further proceeded with in accordance with this opinion.

The cost of this appeal will be paid by appellees and sureties on their cross bond.

Anderson and Ketchum, JJ., concur.